**WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.,**
**Plaintiff**

**v.**

**Allen L. DAVIS, Defendant**

**Case No. 1:11CV851.**

United States District Court,
N.D. Ohio,
Eastern Division.

Filed Sept. 1, 2015.

Marion H. Little, Zeiger, Tiges & Little, Columbus, OH, for Plaintiff.

Angela Hayden, Lauren N. Huizenga, Law Offices of Benjamin G. Dusing, PLLC, Covington, KY, Kevin L. Murphy, Ft. Mitchell, KY, for Defendant.

## ORDER

JAMES G. CARR, Senior District Judge.

Remaining for decision prior to trial are two requests for jury instructions. This order disposes of both.

### 1. Adverse Inference From Invocation of Spousal Privilege

Plaintiff Waite, Schneider, Bayless & Chesley Co., L.P.A., has requested me to instruct the jury that it may draw an adverse inference from the invocation of

---

the spousal privilege by the defendant, Allen Davis, and his wife. (Doc. 229 at 7).

I recognize there is no controlling Ohio authority directly on point re. the jury's ability to draw an adverse inference in a civil case. But I am persuaded an Ohio court would not permit, or at least would be highly unlikely to permit, a jury to draw that inference.

In *State v. Glasser*, 2012 WL 2928549, *8 (Ohio App.), the Court of Appeals held a trial judge had abused its discretion by requiring the defendant in a criminal case to invoke the spousal privilege in front of the jury. In so concluding, the court explained:

> The probative value of the invocation was slight because the jury could not hear the contents of the privileged communications to learn whether they were in fact incriminating as opposed to perhaps just embarrassing to Glasser. The danger of unfair prejudice was substantial because the jury could unjustifiably infer that Glasser was hiding evidence of his guilt, lessening if not destroying the benefit of his privilege.

*Id.*

The court also observed:

> [f]or a privilege to have maximum effect, the possibility of prejudice that may arise against the holder must be minimized. Otherwise the holder may be either intimidated into waiving the privilege, or penalized for exercising the privilege. The goal is to prevent the jury from treating an exercise of a privilege as the equivalent of evidence against the holder, or in any way drawing an adverse inference from the assertion of a privilege.

*Id.,* at *7.

These observations have equal force in a civil case. Given the holding in *Glasser*, and the court's obvious concern with preventing the jury from holding a party's invocation of a privilege against him, I will not give Waite, Schneider's proposed instruction.

### 2. Cautionary Instruction re. Chesley Disbarment

Waite, Schneider also requests a cautionary instruction regarding the permissible use the jury may make of evidence pertaining to Stanley Chesley's disbarment in Kentucky. (Doc. 236 at 2).

The first paragraph of the instruction accurately states the law, and I will, if reminded at the appropriate time, give that instruction, or a close variant of it. But I agree with Davis the second paragraph of the instruction is superfluous, and I will not give that part of the instruction to the jury.

So ordered.